## Heck v. Bayuk Cigars, Inc., et al.

*Thomas M. J. Regan*, for claimant.

*White, Schnader, Maris & Clapp*, for defendant.

LAMBERTON, J., June 13, 1932.—Sadie Heck was employed by defendant, and on April 16, 1931, while in the course of her employment, sustained injuries to her right shoulder and back. On May 19, 1931, claimant and defendant executed a compensation agreement providing for the payment of compensation at the rate of $7.15 per week, beginning April 27, 1931, and continuing for an indefinite period, which agreement was duly approved by the Workmen's Compensation Board. On June 17, 1931, the defendant filed a petition to terminate the compensation agreement, alleging that the claimant was able to return to work as of June 10, 1931. The matter came up for hearing before a referee, testimony was taken, and the referee found that there was a continuing disability. An appeal was taken to the Workmen's Compensation Board. The findings of the referee were affirmed and the petition was dismissed. This appeal followed.

At the argument, counsel for defendant asked that the matter be remitted to the Workmen's Compensation Board for further hearing and determination of the extent of the plaintiff's disability. Subsequently, counsel for claimant verbally advised the court that after examining the record he agreed that it was not in proper shape and should be remitted for a further hearing.

The compensation board has treated this case as if the only issue was whether there was any continuing disability, apparently believing that if there is any continuing disability, the petition must be dismissed, regardless of its amount. We believe that under section 413 of the Workmen's Compen-

sation Act of June 2, 1915, P. L. 736, as amended, and renumbered by the Act of June 26, 1919, P. L. 642, Sec. 6, it was the duty of the compensation board not only to determine if there was any disability, but if so, to determine the extent of the disability, as the extent of the disability would naturally have a bearing upon the amount of compensation to be paid. A petition to terminate having been filed, the board is not limited to granting or dismissing the petition, but may modify it, if that is the course which justice requires. We are, therefore, remitting the record to the compensation board for the purpose of taking further testimony, both on behalf of claimant and defendant, in order that the board may include in its findings of fact a finding, not only as to whether any disability continues, but if so, the extent of that disability.

And now, to wit, June 13, 1932, the exceptions are sustained and the record is hereby remitted to the Workmen's Compensation Board for further hearing and determination in accordance with this opinion.